# Regan's Estate.

*Auditor—Findings of fact—Executors and administrators—Fraud— Sale.*

A finding of fact by an auditor approved by the court that an administratrix was guilty of gross negligence and fraud in conducting a sale of decedent's personal property, and buying at her own sale, will not be reversed by the Supreme Court where there is evidence to support the finding, and there is no manifest error.

Argued Oct. 24, 1907. Appeal, No. 25, Oct. T., 1907, by Elsie E. Regan, Administratrix, from decree of O. C. Somerset Co., No. 41, 1903, dismissing exceptions to auditor's report in Estate of Thomas F. Regan, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of H. L. Baer, Esq., auditor.

The auditor's report was in part as follows:

Not having the care in assuming the responsibilities that her trust as administratrix cast upon her, she permitted the personal property of the decedent to be sacrificed. Property

that was appraised by good and true men at $2,161.51 she sold for $292.55, not acting judiciously in the sale, in that she permitted the auctioneer to sell nine barrels of whisky in bulk at and for the sum of $45.00, when, in fact, each barrel would have brought twice that sum if she had given proper attention to the sale. In this manner the creditors were deprived of their share of the assets which of right they were entitled to. And the next morning after the sale, Richards, the purchaser of all the personal property set forth in the appraisement, excepting the pig, turned the property over to the administratrix without having removed any of it from the place where it was sold or paying any money over to the administratrix, and without receiving any profit from the transaction. Richards, who was present at the audit, was not called to explain this transaction. The auditor is of opinion that it was the duty of the administratrix to call him as a witness to explain his connection with this sale, and her failure to do so, in connection with the other testimony, satisfies the auditor that there was an agreement between them by which he was to purchase the property for her.

Under the circumstances the auditor deems it right and proper to surcharge the administratrix with the total amount of the appraisement, to wit: $2,161.51. This same property, which was turned over to her by William Richards, the administratrix sold during the next ten months and realized therefor the sum of $3,000.

*Error assigned* was in dismissing exceptions to auditor's report.

*J. A. Berkey*, for appellant.

*John R. Scott, W. H. Ruppel, W. H. Koontz, J. G. Ogle, George R. Scull, Joseph Levy, Fred. W. Biesecker, Harvey M. Berkley, J. E. Gasteiger, J. H. Uhl, J. C. Lowry, Ernest O. Kooser, Valentine Hay, A. L. G. Hay, A. C. Holbert, Charles F. Uhl, Jr.*, for appellees.

PER CURIAM, November 11, 1907:

All the assignments of error are to findings of fact, the

principal one being to the surcharge on the ground that the sale of the decedent's goods was grossly negligent if not legally fraudulent against creditors as a sale to the administratrix herself. The circumstances of the sale were such that the auditor drew the inference that it was in violation of the rule that a trustee may not buy at his own sale. There was evidence to sustain this view and the finding having been approved by the court we can only disturb it for clear error, which has not been shown.

Decree affirmed.